**ALPINE COUNTRY CLUB,**
**Plaintiff-Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 73-1250.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 11, 1973.

Decided Jan. 7, 1974.

J. Jay Bullock, Salt Lake City, Utah, for plaintiff-appellant.

Louis A. Bradbury, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown and Leonard J. Henzke, Jr., Attys., Tax Div., Dept. of Justice, and C. Nelson Day, U. S. Atty. of counsel, on the brief), for defendant-appellee.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This suit for refund of excise taxes was tried on agreed facts and the district court gave summary judgment for the United States. The taxpayer has appealed.

Section 4241 of the Internal Revenue Code of 1954 imposed a 20% tax on any amount paid as dues or membership fees to a social, athletic, or sporting club. Section 4291 provides that a person receiving payment for facilities or services

on which a tax is imposed on the payor thereof shall collect the amount of tax due from the person making that payment. Section 4241 was repealed by § 301 of the Excise Tax Reduction Act of 1965, 79 Stat. 136, 145, and § 4291 was modified to recognize that repeal. 79 Stat. at 148. Our concern is with taxes claimed to be owing by a country club on dues and fees paid between July, 1958 and July, 1962.

The responsibilities of a club such as taxpayer are governed by the then applicable regulations and statutes. Section 42.4291–1 of the Treasury Regulations on Services and Facilities Taxes (1954 Code) makes applicable to the 1954 Code §§ 101.37 through 101.39 of Treasury Regulations 43 (1941 ed.), 26 C.F.R. §§ 101.37–101.39 (Cum.Supp.). Section 101.38 requires every club subject to the excise tax to keep records showing the amount of dues-tax paid by each member. Section 101.39 requires a club to file monthly reports showing the amount collected. Section 101.37 says that the taxes collected must be remitted not later than two months after payment thereof, and that taxes collected become a special trust fund for the United States under what is now § 7501 of the Internal Revenue Code of 1954.

Alpine Country Club, taxpayer, was incorporated in July, 1958, to operate a golf and country club at Alpine, Utah. Between then and July, 1962, it collected $331,078.60 as dues and fees from its members, did not assess the tax on its members, did not collect it from them, did not file excise tax returns, and did not pay the mandated tax.

After an audit, an excise tax deficiency of $66,215.72 was assessed against taxpayer on the basis that the entire $331,078.60 represented dues and fees subject to the tax. It was then shown that individual members of taxpayer had paid directly to the Internal Revenue Service $20,965.28 as the 20% tax on $104,826.40 of the fees and dues paid to taxpayer. This left $226,252.20 of dues and fees on which no tax had been paid.

The taxpayer then paid 20% of that amount and now claims that such payment of $45,250.44 was excessive.

Taxpayer contends that the use of the $226,252.20 figure as the base on which the 20% tax was computed is wrong. Its theory is that the mentioned figure includes the tax which it was obligated to collect, and hence is 120% of the true base of $188,543.50. The parties have stipulated that if the latter figure is the true base, taxpayer is entitled to a refund of $7,541.74 plus interest. This figure is the difference between $45,250.44 (20% of the $226,252.20) and $37,708.70 (20% of $188,543.50). The question before us is the true base for the computation of the tax.

Taxpayer argues that § 4241 imposes a tax only on the amount which the club has available for its own use. The statute does not so read. It applies to "any" amount paid as dues or membership fees. The agreed facts are that the members' payments were for "dues, fees and other membership assessments," and that the taxpayer did not assess, collect, or remit this tax.

The contention that the use of the higher base results in the imposition of a tax on a tax, as well as the taxing of funds held in trust, begs the question, because it assumes the point in issue, which is whether taxpayer fulfilled its obligation of collecting the tax from its members. The agreed facts are that the taxpayer did not fulfill that obligation.

Taxpayer does not claim that a portion of the payments by its members includes nontaxable payments for specified services such as golf privileges, meals, or stable facilities rather than dues. See e.g. White v. Winchester Country Club, 315 U.S. 32, 41, 62 S.Ct. 425, 86 L.Ed. 619; Freeport Country Club v. United States, 7 Cir., 430 F.2d 986, 990–991, and Boots and Saddles, Inc. v. United States, E.D.Mich., 269 F.Supp. 274, 276. The reliance on the well-recognized, substance-over-form rule, see Weiss v. Stearn, 265 U.S. 242, 254, 44 S.Ct. 490, 68 L.Ed. 1001, is in-

apt. Taxpayer chose the form in which it conducted its business, and having done so must take the consequences. Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 84 L.Ed. 406. In essence taxpayer says that noncompliance with the statutes and regulations creates a situation in which a portion of the members' payments of dues and fees must be taken as tax payments in order to bring about compliance with the same statutes and regulations. This circular reasoning is not persuasive. The burden is on the taxpayer to establish that the wrong base was used in computing the tax and, hence, it is entitled to a refund. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212. It has not sustained that burden.

Affirmed.