**AIR TOUR ACQUISITION CORP., dba Panorama Air Tour, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 88–00575 ACK.**

United States District Court, D. Hawaii.

July 23, 1991.

Torkildson Katz Jossem Fonseca Jaffe & Moore, Ronald Heller, Honolulu, Hawaii, for plaintiff.

Daniel Bent, Michael Chun, Kurt Kawafuchi, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KAY, Chief Judge.

### I. INTRODUCTION

This action was filed by Plaintiff (Air Tour) challenging a claim against it by the Defendant, Internal Revenue Service (IRS). The IRS claimed Air Tour owed additional federal excise tax due on air transportation for the period from October 1, 1982 to June 30, 1984. The IRS claimed that Air Tour was liable for the tax based on 26 U.S.C. §§ 4261–63, 4291, and 7501(a). Air Tour brings this Motion for Summary Judgment claiming that it is not liable as a matter of law for the tax the IRS claims is due under these statutes. Air Tour also requests that the Court find that the IRS's position in opposing this Motion is "not substantially justified." [1]

For the following reasons, the Court grants Air Tour's Motion on the issue of whether it is liable under sections 4261–63, 4291 and 7501(a). However, the Court denies Air Tour's Motion with respect to the issue of whether the IRS's position was substantially justified.

### II. FACTS

Air Tour sells a tour of the Hawaiian Islands. The tour consists of a one-day excursion involving eight islands. The tour-goers are transported by air and ground transportation. Under 26 U.S.C. §§ 4261–63, the portion of the tour price attributable to air transportation is subject to a federal excise tax. Air Tour allocated 51% of its tour price to air transportation and paid tax to the IRS based on this allocation. The IRS notified Air Tour that it owed additional excise taxes for the period from October 1, 1982 to June 30, 1984. The IRS indicated that the additional taxes were due because Air Tour's allocation of the portion of the tour price attributable to air transportation was erroneous. The IRS felt that a greater portion of the tour price should have been allocated to air transportation, thus resulting in more excise tax due.

The IRS also claimed that Air Tour paid an insufficient amount of tax because, in its sales to travel agents, Air Tour calculated and paid tax based on the wholesale price of the tour tickets. The IRS asserted that Air Tour should have calculated and paid the tax based on the retail price of the tickets.

The IRS based the claim for additional taxes against Air Tour on 26 U.S.C. §§ 4261–63, 4291, and 7501(a). Air Tour made a partial payment on the amount of the deficiency and sued to recover it as well

---

**1.** Air Tour makes this request because it intends to bring a motion for attorneys' fees at a future date. In order to recover attorneys' fees against the IRS, Air Tour must prove, *inter alia,* that the position taken by the IRS in the lawsuit was "not substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i).

as to abate and cancel the remaining portions of the assessment.

## III. DISCUSSION

### A. MOTION FOR SUMMARY JUDGMENT

■ Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Id.* at 322, 106 S.Ct. at 2552. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Electrical. Serv. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.1987). Instead, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *Id.* At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways*

*Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

■ The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987), citing, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Indeed, "if the factual context makes the nonmoving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics*, 818 F.2d at 1468 (emphasis in original) (citing, *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services*, 809 F.2d at 630–31.

### 1. Air Tour's Liability for Taxes Under 26 U.S.C. §§ 4261–63

■ Air Tour claims that it has no tax liability under 26 U.S.C. § 4261 [2] because

---

**2.** 26 U.S.C. § 4261 provides:

    **(a) In general.**—There is hereby imposed upon the amount paid for taxable transportation (as defined in section 4262) of any person a tax equal to 8 percent of the amount so paid:

       \*    \*    \*    \*    \*    \*

    **(d) By whom paid.**—Except as provided in section 4263(a), the taxes imposed by this

section shall be paid by the person making payment subject to the tax.

the statute imposes tax liability only on the "buyer" of air transportation. Air Tour contends it is a "seller" of air transportation and therefore has no liability for the tax. The IRS agrees that section 4261 imposes the tax on the buyer of the air transportation, and that Air Tour is a seller. *See* Defendants' Opposition, p. 9; Plaintiff's Motion, Exhibit G, pp. 43–44. This concession by the IRS indicates that Air Tour has no liability for the tax under section 4261. This is so because case law, an IRS ruling, the IRS Manual, and a plain reading of the statute all indicate that the buyer, and not the seller, of the transportation is liable for the tax. *See United States v. Washington Toll Bridge Authority*, 307 F.2d 330, 334 (9th Cir.1962) ("The tax involved is ... payable by the persons who pay for the transportation while the [seller's] only obligation is to collect the tax."); Rev.Rul. 58–158, 1958–1 C.B. 562, 563 ("excise taxes [are] imposed upon the person making the payment subject to the tax."); IRS Manual §§ 8(11)41.4(1) (collected excise taxes are imposed on persons other than the person who is required by law to collect the tax and pay it over to the Government.); *id.*, § 563(10).1(1) (same); 26 U.S.C. § 4261(d) ("the taxes imposed by

26 U.S.C. § 4262 defines "taxable transportation." "Taxable transportation" is defined as "transportation by air which begins in the United States ... and ends in the United States...." 26 U.S.C. § 4262(a). Section 4262 is a statute that only provides definitions and does not in any manner provide for tax liability. Section 4263 contains "special rules" for the payment of tax due under section 4261. The parties do not claim that the rules of section 4263 apply here. Therefore, section 4263 cannot provide a ground for Air Tour's liability. Thus, the IRS's claim that Air Tour is liable under 26 U.S.C. §§ 4261–63 is, in actuality, a claim that Air Tour is liable only under section 4261.

**3.** 26 U.S.C. § 4291 provides:

Except as otherwise provided in section 4263(a), every person receiving any payment for facilities or services on which a tax is imposed upon the payor thereof under this chapter shall collect the amount of the tax from the person making payment.

**4.** 26 U.S.C. § 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such

this section shall be paid by the person making the payment subject to the tax."). The Court holds that 26 U.S.C. § 4261 imposes liability for excise tax on the buyer of the air transportation. Because it is a seller of air transportation, Air Tour is not liable for the tax under section 4261. Therefore, the Court grants Air Tour's Motion with respect to this statute.

### 2. Air Tour's Liability for Taxes Under 26 U.S.C. § 4291

■ Section 4291[3] requires Air Tour to collect any taxes due under section 4261. Air Tour claims that section 4291 merely imposes a duty to collect the tax, but does not impose liability on it for the amount owed. Air Tour asserts that liability for failure to collect section 4261 taxes is found not in section 4291 but rather in a "100% penalty" assessment under 26 U.S.C. § 6672.[4] Air Tour then notes that the IRS did not make a section 6672 assessment.

Because the scope of this Motion is limited to determining only whether Air Tour is liable under sections 4261, 4291 and 7501, the Court expresses no opinion on section 6672.[5]

tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

**5.** Section 6672 provides that a person must "willfully" fail to collect the taxes to be liable for its "100% penalty." The court notes that there is an issue over whether the IRS can collect the alleged amount of tax due under section 6672 because of the statute of limitations. Moreover, the IRS conceded that it did not think that a section 6672 penalty was appropriate in this case. *See* motion, exhibit G, at 54–55 (deposition of Takejiro Higa, IRS agent); *id.*, exhibit D, at 3 ¶ 3(b)(1) (IRS's response to first request for answers to interrogatories).

In addition, Air Tour relied on Rev.Rul. 63–155, the advice of its attorney, Letter Ruling 8106055, and caselaw regarding the agency of travel agents in collecting the amount of tax. This would tend to indicate that the IRS would have a very difficult time in establishing Air Tour was "willful" within the meaning of section 6672.

The IRS disputes Air Tour's assertion and claims that section 4291 creates a cause of action against Air Tour independent of section 6672. It further claims that, in addition to the independent cause of action created by section 4291, it may recover for a violation of section 4291 by way of a section 6672 penalty or other means.

The IRS cites to many cases which it claims support its assertion that section 4291 creates an independent cause of action against Air Tour. However, the Court, after reviewing all of these cases, finds that none of them stand for this proposition. Moreover, the Court has found no such authority in its research. Indeed, this lack of precedent, coupled with caselaw which indicates a provider of transportation is liable not under section 4291 but rather under section 6672, leads the Court to conclude that Air Tour is not liable for the tax under section 4291. *See* IRS Manual §§ 8(11)41.4; 563(10).1 (1989) ("100% penalty" applies to persons failing to collect taxes due under section 4261); *Gray Line Company v. Granquist*, 237 F.2d 390 (9th Cir.1956), *cert. denied*, 353 U.S. 911, 77 S.Ct. 667, 1 L.Ed.2d 664 (1957) ("100% penalty" assessed under predecessor statute of section 6672 against provider of transportation for failure to collect taxes under predecessor statute of section 4291); *Cross v. United States*, 311 F.2d 90 (4th Cir.1962) (penalty assessed against provider of transportation for failure to collect taxes under sections 4261 and 4291); *White House Sightseeing Corp. v. United States*, 300 F.2d 449, 156 Ct.Cl. 527 (1962) (section 6672 penalty assessed against provider of transportation who failed to collect section 4261 taxes); 26 C.F.R. § 601.403(c)(2) (when provider of air transportation fails to collect

tax IRS may assert liability for tax directly against *buyer* of service).

The Court holds that section 4291 does not create an independent cause of action against Air Tour. Again, the Court expresses no opinion on whether Air Tour is liable under section 6672. Moreover, with the exception of 26 U.S.C. §§ 4261 and 7501(a), the Court expresses no opinion on whether Air Tour is liable under any other section of the Code.

3. Air Tour's Liability for Taxes Under 26 U.S.C. § 7501 [6]

■ Section 7501(a) creates a trust in favor of the United States for taxes collected in "the amount of the tax so collected...." The IRS argues that section 7501(a) creates a trust fund in favor of the United States for the amount of tax Air Tour should have collected, i.e., the amount of the tax Air Tour collected and remitted, plus the additional amount the IRS claims is now due. Air Tour disputes this assertion claiming that the trust imposed by section 7501(a) extends only to the amount it collected and remitted to the IRS.

The IRS asserts that support for its proposition is found in *Begier v. I.R.S.*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (*Begier*). The IRS claims *Begier* stands for the proposition that a section 7501(a) trust fund is not tied to the amount of the dollars collected, but rather, covers the "proper" [7] amount of the tax.

A plain reading of section 7501(a) does not support the IRS's position. Section 7501(a) states a trust is impressed upon "the amount of tax so collected" and not on the amount that should have been collected. *Begier*, 110 S.Ct. at 2269 (Scalia, J., concurring) ("Where the taxes subject to the trust-fund provision of § 7501 are col-

---

**6.** Section 7501 provides:

(a) **General rule.**—Whenever a person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of the tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected and paid in the same manner and subject to the same provisions and limitations (including penalties) as are

applicable with respect to the taxes from which such fund arose.

(b) **Penalties.**—

For penalties applicable to violations of this section, see section 6672 and 7202.

**7.** "Proper," as used in this Order, is defined to mean the amount of tax the IRS claims is due. In other words, "proper" means the amount of tax Air Tour has already remitted plus the additional amount the IRS claims is due.

*lected* taxes, the statute plainly identifies the res: it is the collections.") (emphasis in original).

In addition, the Court's holding in *Begier* does not support the IRS's position. *Begier* involved an airline that went bankrupt. Prior to bankruptcy, the airline made payroll withholding and excise tax payments to the IRS. Subsequently, the trustee of the bankruptcy estate tried to recover these payments from the government. The trustee claimed the payments were preference payments which were part of the bankruptcy estate and as such should be recoverable by him so that he could distribute the payments to the airline's creditors. The central issue in the case was whether the payments were part of the bankruptcy estate. The Supreme Court held that the tax payments were not part of the bankruptcy estate but rather were trust funds of the government under section 7501.

The Court recognized that a section 7501 trust was "radically different from the common-law paradigm" and that common law rules were "of limited utility" regarding section 7501. 110 S.Ct. at 2265. The distinction between a common-law trust and a section 7501 trust was summed up as follows:

> Under common-law principles, a trust is created in *property;* a trust therefore does not come into existence until the settlor identifies an ascertainable interest in property to be the trust res.... [Section 7501] states that "the *amount* of [trust-fund] tax ... collected or withheld shall be held to be a special fund in trust for the United States." (Emphasis added.) Unlike a common-law trust, in which the settlor sets aside particular *property* as the trust res, § 7501 creates a trust in an abstract "amount"—a dollar *figure* not tied to any particular assets— rather than in the actual dollars withheld.

*Id.* (footnote omitted).

The Court held that the IRS must establish a "nexus" or "connection" between the section 7501 trust and the assets sought to be applied to the taxpayer's trust fund obligations. *Id.* at 2266. Such a nexus

was established by the taxpayer's act of voluntarily paying its trust fund obligations. *Id.* at 2267. Importantly, the Court held that the nexus that establishes the section 7501 trust is limited to the "amount" of "the funds paid." *Id.*

*Begier* is contrary to the IRS's position. The Court distinguished a section 7501 trust from a common law trust by noting that "particular property" is set aside as the res in a common law trust whereas a section 7501 trust created a right to a certain "amount" or "dollar figure" of money. The Court held that the "amount" of a section 7501 trust was the amount "collected," i.e., "the funds paid" to the IRS. *Id.* at 2263, 2265, 2267. "The statutory trust extends, then, only to 'the amount of tax so *collected....*'" *Id.* at 2263 (emphasis added). Thus, the trust is limited to the amount of tax Air Tour has collected and paid to the IRS. The trust does not include the additional amount the IRS asserts is due.

Neither section 7501(a) nor *Begier* can reasonably be read to impress a trust on funds that Air Tour has not collected or remitted. This is in harmony with other case law. *See e.g., Alpine Country Club v. United States,* 490 F.2d 1278 (10th Cir. 1974); *Jones v. United States,* 371 F.2d 442, 178 Ct.Cl. 16 (1967).

In *Alpine Country Club,* the taxpayer, a country club, was required to collect and pay excise taxes of 20% on any amount it took in as dues or membership fees. The country club took in monies for dues and fees but neglected to assess the tax on its members. The country club also did not collect the tax from its members, did not file returns, and did not remit the tax itself. The country club was subsequently audited and assessed by the IRS. The issue in the case was essentially whether the country club was presumed to have collected the "proper" amount of tax.

The country club was assessed tax based on a figure of $226,252.20, the amount it had collected from its members as dues and fees. The IRS claimed the country club owed $45,250.44 in excise tax ($226,252.20 multiplied by 20%). The country club coun-

tered by asserting that the $226,252.20 figure represented an amount which included the "proper" amount of tax due. In other words, the country club argued that the $226,252.20 figure represented 120% of the tax base that should have been used to calculate the tax due. The country club asserted that the actual tax base was $188,543.50 ($188,543.50 multiplied by 120% equals $226,252.20) and that the amount of tax due was actually $37,708.70 ($188,543.50 multiplied by 20%).

The court rejected the country club's assertion and held that the amount of tax due was $45,250.44 and that the proper tax base for computation was the $226,252.20 figure. Thus, the country club's proposition that the "proper" amount of tax was included in the dues and fees collected (which is what the IRS asserts Air Tour did with respect to the monies it took in) was rejected. The court noted that the Treasury Regulations indicated "that [the] taxes *collected* become a special trust fund for the United States under what is now § 7501 of the Internal Revenue Code of 1954." 490 F.2d at 1279 (emphasis added).

In *Jones,* the plaintiffs, shippers of farm produce (i.e., buyers of transportation), used truckers (the sellers of transportation) to ship their produce. The truckers did not collect the excise tax due, nor did they pay the IRS any tax. The plaintiffs were assessed for unpaid excise tax. The plaintiffs argued, in essence, that the tax due was included in the fees they paid the truckers. This is analogous to the IRS's argument here that the "proper" amount of tax was included in the monies Air Tour collected from its customers. The court rejected this proposition.

*Alpine Country Club* and *Jones* support the proposition that it will not be presumed that a collector of excise tax has collected the "proper" amount. This is contrary to the IRS's position. Moreover, this rule is in keeping with section 7501(a) which imposes a trust not on the "proper" amount of tax, but rather on the amount of tax collected.

The IRS is incorrect in asserting that section 7501 impresses a trust on the "proper" amount of the tax. The Court holds that Air Tour is not liable for the deficiency under section 7501(a).

### 4. Whether the IRS's Position Was Substantially Justified

■ Air Tour indicated that, if it prevailed on this Motion, it intended to file a motion for attorneys' fees. In furtherance of this, Air Tour asks the Court to find that the position the IRS took with respect to this lawsuit was not substantially justified.

Under 26 U.S.C. § 7430, the "prevailing party" may recover attorneys' fees. To be a prevailing party, Air Tour must establish, *inter alia,* that the position of the United States was "not substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i).

The Court finds that the position the IRS took was substantially justified. Although it is clear that the IRS could not collect the tax at issue under sections 4261–63 and 4291, the recent case of *Begier* clouded the issue of whether the IRS could collect the tax under the trust fund theory. Because *Begier* is recent and yet to be authoritatively interpreted, and because it is not directly dispositive of the issue in this case, the IRS could and did make a good faith argument that *Begier* supported their position. Indeed, in the context of trust fund taxes, the *Begier* Court noted that the section 7501 trust fund was "radically different." 110 S.Ct. at 2265. Thus, there were no settled principles to which the IRS could refer to determine whether section 7501 included the taxes at issue here. Moreover, *Begier* held that the trust fund was "not tied to any particular assets." *Id.* This open-ended language suggested that the IRS could proceed against Air Tour for the tax at issue.

Furthermore, the Court has only addressed Air Tour's liability under sections 4261–63, 4291, and 7501. The Court has expressly declined to offer an opinion regarding liability under section 6672 or any other undiscussed section of the Internal Revenue Code. It is possible that the IRS may be justified with respect to these undiscussed provisions.

### 5. The Declaration of Helena Bui

Air Tour claimed the declaration of Helena Bui should be disregarded by the Court because it is not based on first hand knowledge and contains inadmissable evidence (hearsay). Ms. Bui, an IRS employee, stated that she discussed the Air Tour case with her predecessor at the IRS. She stated that she was familiar with this case and had assisted counsel in the case.

The Court finds that the declaration is not hearsay because Ms. Bui does not attempt to assert an out of court statement made by her predecessor. Moreover, Ms. Bui made it clear in her declaration that her knowledge is first hand. The declaration should not be disregarded and is admissible.

### IV. CONCLUSION

The Court grants Air Tour's Motion with respect to 26 U.S.C. §§ 4261–63, 4291, and 7501(a). Air Tour has no liability based on these statutes. As noted above, the Court expresses no opinion on whether Air Tour may be liable based on other statutes such as 26 U.S.C. § 6672. In addition, the Court denies Air Tour's request that the Court find the IRS's position was not substantially justified.