**Paul R. CARLYLE, Plaintiff,**

v.

**John AUBREY, et al., Defendants.**

**Civil Action No. 3:99CV–478–S.**

United States District Court,
W.D. Kentucky.

May 21, 2001.

**662**

Paul R. Carlyle, Nashville, IN, pro se.

Jeffrey L. Freeman, Assistant Jefferson County Attorney, Louisville, KY, for defendant.

### MEMORANDUM OPINION

SIMPSON, Chief Judge.

This case is before the Court on the motion of both parties for summary judgment. The Defendants' motion requests us to dismiss all of the claims against all of the Defendants. However, the Plaintiff's motion only requests that we allow the case to proceed to trial. For the reasons described below we will grant the motion of the Defendants and deny the motion of the Plaintiff.

### FACTS and CLAIMS

The Plaintiff, Paul R. Carlyle ("Carlyle"), was arrested in the early morning hours of July 7, 1999, for a DUI and reckless driving and taken to a Jefferson County jail. He was released from the jail in the morning on July 8, 1999. His lawsuit stems from his treatment at the jail during the day that he spent in prison.

Carlyle suffers from seizures caused by neurological syphilis and takes medication in order to reduce the occurrence of these seizures. Carlyle claims that the Jefferson County jail, and several of its employees, knew of his medical condition and yet failed to provide to him his medication. He claims that as a result, he suffered several seizures while sleeping at the jail and that the jail and its employees are thus liable to him for violating his Eighth Amendment right to be free from cruel and unusual punishment.

Additionally, Carlyle claims that the jail violated his Eighth Amendment rights by providing unconstitutional conditions of confinement. Carlyle was placed in a cell with several other prisoners. He alleges that the water was broken in the cell so that he was provided with insufficient water to drink. He also alleges that the lack of working water prevented the prisoners from being able to flush the toilet which led to unsanitary conditions. He alleges further that he was not fed adequately while at the prison. Finally, he alleges that he was not provided with a bed or mat upon which to sleep and that, as a result, he was forced to sleep on a hard, dirty floor.

### DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P 56(c); see. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

However, the moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.,* at 323, 106 S.Ct. 2548. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a genuine factual dispute regarding that element. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 fn. 11, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

### § 1983

■ Carlyle has filed his complaint against the Defendants under 42 U.S.C. § 1983 which provides a federal cause of action against any person who, acting under color of state law, deprives the plaintiff of a right secured by the United States Constitution. Thus, disregarding the immunity issues present in this case, we must find that there is a genuine issue of material fact as to whether any of Carlyle's Constitutional rights were violated at the jail in order for him to survive the Defendants' motion.

■ Both of Carlyle's charges, improper medical treatment and unconstitutional conditions of confinement, stem from the Eighth Amendment to the Constitution which prevents the government from providing cruel or unusual punishment to prisoners. The Supreme Court has established separate standards for determining whether either of these claims rises to the level of cruel or unusual punishment, and

so we must, also, address the claims separately.

### 1. Inadequate Medical Care

■ In order for a charge of inadequate medical care to rise to the level of an Eighth Amendment claim, Carlyle must be able to show that the Defendants treated his medical needs with deliberate indifference. *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995). This standard requires a showing of the "unnecessary and wanton infliction of pain...." *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). However, there is no violation of the Eighth Amendment unless the defendant is "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

■ The proof in this case is noticeably one-sided in favor of the Defendants. They have supplied us with evidence that Carlyle's medication was administered to him twice during his brief stay at the jail. (Def.Summ.J., Ex. 4.) They have likewise pointed out several reasons to discredit Carlyle's charges that he did not remember receiving the medication such as (1) Carlyle tested well above the legal limit for intoxication, (*Id.,* Exs. 1 and 2), (2) Carlyle admits that his seizures may cause memory loss, (Carlyle depo. at 37–38), and (3) Carlyle appears to have a faulty memory regarding other details from his arrest, such as signing the medical screening form, (*Id.* at 21–23). Carlyle has also admitted that the officers at the jail released him once they discovered that he had a second seizure. (*Id.* at 31). Most importantly, however, the Defendants point to the fact that Carlyle has been unable to produce any evidence at all which would tend to show that they knowingly disregarded a serious risk to his health.

Once the Defendants have demonstrated that there is an absence of evidence on these essential elements of the claim, the burden then is on Carlyle to come forward with evidence which would create a genuine issue of material fact on these issues. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Carlyle produces no such evidence other than pointing to his deposition taken by the Defendants. He has no evidence, other than his own speculation and the ambiguous, undocumented, and inadmissible comments he claims to have overheard, which would support an inference that the Defendants intentionally disregarded any medical risks he had. That is simply insufficient to create a genuine issue of material fact as to whether the Defendants subjected Carlyle to an "unnecessary and wanton infliction of pain." *See Bryant v. Com. of Kentucky,* 490 F.2d 1273, 1274–75 (6th Cir.1974) ("Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden."). There being no genuine issue of material fact as to whether Carlyle's Eighth Amendment rights were violated, we find that the Defendants are entitled to a judgment as a matter of law.

## 2. Unconstitutional Conditions of Incarceration

■■ With respect to challenges to the conditions of incarceration, the Eighth Amendment is violated only when a prisoner is deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Courts should be reluctant to find that prison conditions fall below Eighth Amendment standards because it is the legislature's job to determine the extent of resources which should be allocated to them. *Rhodes,* 452 U.S. at 351–52, 101 S.Ct. at 2401. Also, the Sixth Circuit has recognized that uncomfortable accommodations are not unconstitutional unless they are accompanied by some overt and conscious attempt to punish the prisoner. *Wilson v. Seiter,* 893 F.2d 861, 865 (6th Cir.1990), *rev'd on other grounds,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ In his deposition, Carlyle admits several things which erode at the egregiousness of his claims. First, he admits that he and the other prisoners were offered drinking water on at least two occasions. (Carlyle Depo., at 25.) Also, the officers brought in water to flush the toilet on those same occasions. (*Id.* at 24) Finally, he admits that he was fed. (*Id.* at 44.) His claim, then, is that being fed a bologna sandwich is inadequate in light of his medical condition, not that it was less than a civilized measure of life's necessities requires. (*Id.* at 45.)

■ Taking these admissions into consideration, we find that there is no genuine issue of fact that Carlyle was subjected to unconstitutional conditions. He was provided food and drink, and there is no suggestion, and certainly no evidence, that these allegedly unpleasant sanitary conditions were intentionally created by the Defendants. Also, although sleeping on the floor for extended periods of time may amount to a constitutional violation, the temporary inconvenience of one night spent on the floor does not. *See Johnson v. Pelker,* 891 F.2d 136, 138–39 (7th Cir.1989)(being required to sleep on cold, hard metal surface for two days does not amount to an Eighth Amendment violation). Therefore, under the short time frame presented in this case, we find that the Defendants are entitled to a summary judgment regarding whether the conditions of Carlyle's incarceration were unconstitutional.

### *Lack of Discovery*

■ We note that Carlyle has made much of the fact that he was unable to conduct much discovery because he was

incarcerated in Indiana for most of the duration of the otherwise adequate discovery period. Generally, before ruling on a motion for summary judgment, the court must afford the non-moving party "adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1195 (6th Cir.1995). However, in order to preserve the argument that it did not have adequate time to conduct discovery, a party must follow the strictures of Fed.R.Civ.P. 56(f) which requires it to submit an affidavit stating the reasons for which it cannot yet present evidence justifying its opposition to summary judgment. *Id.* at 1196.

In this case, Carlyle has not followed Fed.R.Civ.P. 56(f). While this might be excusable in certain circumstances, we believe that it is proper to rule on the motion for summary judgment at this stage. Carlyle does not indicate to the Court the kind or method of discovery he wishes to conduct or what information or evidence he believes he will uncover from further discovery. Also, we do not see what relevant evidence could likely be discovered which would change our ruling. Further, Carlyle argues that his allegations and statements are sufficient to show the kind of deliberate indifference on the part of the Defendants required to establish an Eighth Amendment claim. They are not.

### CONCLUSION

The Defendants have met their burden of identifying essential elements of Carlyle's claims upon which there is no genuine issue of fact and that they are entitled to a judgment as a matter of law. Their motion will be granted by a separate order entered this date.

### ORDER

For the reasons set forth in the memorandum opinion entered this date and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that the motion of the Defendants for summary judgment is GRANTED. The Plaintiff's complaint will be DISMISSED with prejudice.

Because the Defendants have received the Plaintiff's Traverse, the Plaintiff's motion for the Clerk to copy and effectuate service is DENIED as moot.

The Court further reminds both parties that any pleading or other paper filed in this case without compliance of Fed. R.Civ.P. 5 will not be recognized by the Court. Because this consequence already exists, the Defendants' motion to compel compliance with Fed.R.Civ.P. 5 is DENIED.